SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7264
    Facsimile:   (415) 436-6748
    Email:       abraham.simmons@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| CAROL WESLEY, | ) | No. C 07-4685 JCS |
| | ) | E-FILING CASE |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ANSWER** |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

      Defendant United States of America, by and through the United States Attorney for the Northern District of California without waiving the below listed affirmative defenses, hereby admits, denies and otherwise answers the Complaint Of Carolyn Wesley Against The United States Of America filed September 11, 1007, in the United States District Court for the Northern District of California. With respect to the specific paragraphs of the complaint, defendant responds as follows:

**JURISDICTION**

      1.    This paragraph contains jurisdictional allegations to which no answer is required. To the extent that a response is deemed necessary, the United States denies that this court has jurisdiction to grant all the relief sought by plaintiff in the complaint.

**FEDERAL TORT CLAIM**

      2.    The United States admits that plaintiff filed a timely tort claim, as amended, and that the tort claim was denied.

**PARTIES**

3. Paragraph 3 is a statement of plaintiff's residence. Defendant lacks sufficient information to admit or deny the allegations of this paragraph and on that basis denies the allegations of this paragraph.

4. Defendant admits that it owns property near the corner of 7th and Mission Streets in the City and County of San Francisco, including property upon which the courthouse for the United States Court of Appeals for the Ninth Circuit sits. The remaining allegations in this paragraph are so vague and ambiguous as to preclude a response and on that basis defendant denies the remaining allegations of this paragraph.

**DEMAND FOR JURY TRIAL**

5. This paragraph contains a demand for jury trial to which no response is required. To the extent that a response is deemed necessary, defendant states that pursuant to 28 U.S.C. § 2402, Plaintiff is not entitled to a jury trial and the paragraph therefore should be stricken.

**GENERAL ALLEGATIONS**

6. Admitted.

7. Denied.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

8. Defendant incorporates its responses to paragraphs 1 through 7 above, and incorporates each response therein as though fully set forth herein.

9. This paragraph contains legal conclusions to which no response is required. To the extent that a response is deemed necessary, the allegations are denied.

10. Defendant denies the allegations of this paragraph.

11. Defendant denies the allegations of this paragraph.

12. Defendant lacks sufficient information to admit or deny the allegations of this paragraph and on that basis denies the allegations of this paragraph.

13. Defendant denies the allegations of this paragraph.

14. The remainder of the complaint is a prayer for relief and certification of counsel to which no response is required. To the extent that a response is deemed necessary, Defendant denies that it is liable to plaintiff for any amount whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

15. This Court is without subject matter jurisdiction over some or all of plaintiff's claims.

### SECOND AFFIRMATIVE DEFENSE

16. Plaintiff failed to exhaust her administrative remedies as to some of her current claims.

### THIRD AFFIRMATIVE DEFENSE

17. The complaint fails to state a cause of action upon which relief can be granted with respect to some or all of the claims alleged therein.

### FOURTH AFFIRMATIVE DEFENSE

18. Plaintiff failed to mitigate her damages, if any, and any recovery or award should be reduced accordingly.

### FIFTH AFFIRMATIVE DEFENSE

19. Plaintiff may recover only those damages allowed under the law.

### SIXTH AFFIRMATIVE DEFENSE

20. Plaintiff's alleged injuries, if any, were proximately caused by plaintiff's own negligent or otherwise wrongful conduct.

### SEVENTH AFFIRMATIVE DEFENSE

21. The United States of America, through its employees, exercised due care and diligence in all matters relevant to the subject matter of plaintiff's complaint.

### EIGHTH AFFIRMATIVE DEFENSE

22. Plaintiff's alleged injuries, if any, were not proximately caused by any negligent or otherwise wrongful act or omission of any employee of the United States.

**NINTH AFFIRMATIVE DEFENSE**

23. Any recovery or other award made against the United States herein must be reduced by the percentage of fault of the plaintiff and/or other third party, and any recovery or other award made against the United States herein for non-economic damages must be limited to the percentage of fault, if any, of the United States.

**TENTH AFFIRMATIVE DEFENSE**

24. Pursuant to 28 U.S.C. § 2675, Plaintiffs are prohibited from claiming or recovering an amount against the United States in excess of that which was set forth in any claim presented to the United States.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant requests that the Court enter judgment in favor of the Federal Defendant, that the Complaint be dismissed, and that the Federal Defendant is granted such other and further relief as the Court may deem just and proper, including recovery of all costs of suit and appropriate fees.

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

Dated: November 13, 2007                                      /s/
ABRAHAM A. SIMMONS
Assistant United States Attorney