James A. Du Charme (SBN 61002)
DU CHARME & COHEN
450 Taraval Street, P.M.B. 317
San Francisco, CA 94116-2530
415 495 4171
jducharme@pacbell.net

Attorney for Plaintiff Carolyn Wesley

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN WESLEY, | Case No: C 07-4685 MMC |
| Plaintiff, | JOINT CASE MANAGEMENT STATEMENT |
| vs. | Date: December 14, 2007 |
| | Time: 10:30 a.m. |
| THE UNITED STATES OF AMERICA, | Before: Hon. Maxine Chesney |
| Defendants. | Place: Ctrm 7; 19th Fl. |

Plaintiff Carolyn Wesley and Defendant United States hereby submit this Joint Case Management Statement and Proposed Case Management Order and request the Court to adopt it as the Case Management Order in this case, pursuant to Federal Rule of Civil Procedure 16 and Civil L.R. 16-10(b).

JOINT CASE MANAGEMENT STATEMENT

1. Description of the Case:

This action is one for personal injury arising out of a trip and fall occurring at night on January 5, 2005, on the East side of 7th Street adjacent to Federal Courts of Appeal Building at 7th & Mission Streets, San Francisco, CA.

a. *Plaintiff's contentions*: Open tree grating (tree missing) caused Plaintiff to trip and fall. Plaintiff was walking in southerly direction, did not see missing tree and open hole. Stepped into the

hole and fell forward, striking her head with loss of consciousness. (The location of the tree grate is curb side and, on information and belief, is a Defendant owned and maintained tree.) Plaintiff contends : Premises liability - dangerous condition, i.e. it was not trivial, minor or insignificant. Defendant had actual knowledge of dangerous condition. In the alternative, Defendant had constructive knowledge of dangerous condition. Plaintiff alleges that the Defendant had reasonable and adequate time within which to affect maintenance and/or repairs and failed to do so. Plaintiff alleges that the Defendant had reasonable and adequate time within which to affect warning and/or safety barriers around the dangerous condition but failed to do so. Plaintiff alleges that the Defendant does not have a reasonable sidewalk inspection program or, if it does have a sidewalk inspection program, then the operation and implementation of that program is inadequate and unreasonable. Plaintiff alleges that the Defendant did fail to inspect and discover the dangerous condition and did fail maintain and repair sidewalk, and/or fail to maintain trees it owns, including the immediate surrounding area. Plaintiff alleges that the Defendant failed to warn Plaintiff of the defect in the sidewalk; failed to erect or place warnings. Plaintiff alleges that the Defendant did fail to timely effect maintenance and/or repairs when the Defendant knew or should have known of the dangerous condition. Plaintiff alleges that the Defendant was negligent in the hiring, employment and supervision of its agents, servants and/or employees all with regard to the above.

*Plaintiff's injuries*: Fell on face forward, striking head and face. Laceration of lip (stitches), loosened teeth, chipped tooth, broken glasses, loss of consciousness (minor closed head trauma), strain of cervical and thoracic spine, right shoulder sprain/strain, cervical radiculitis, and headache. Pain and suffering, sleeplessness, shock to the nervous system and other general damages. Plaintiff suffers from TMJ and/or a similar syndrome, which makes her dental work very painful. Several teeth injured have been extracted. Plaintiff recently underwent dental surgery requiring extraction of multiple teeth. Plaintiff will need dentures or implants. Claimant continues to have dental care and treatment.

*Plaintiff's damages*: Total amount unknown at this time. $3,153 including: ambulance, emergency care and treatment, chiropractic and replacement of glasses. Plaintiff has incurred expense recently with regard to her dental extractions and oral surgery. Plaintiff has been unable to obtain billing

information from her dental providers. General damages, including pain suffering, time, inconvenience and other general damages: Not less than $250,000

    b. *Defendant's contentions*:

    Defendant denies it is liable for plaintiff's accident. The sidewalk was not unreasonably dangerous and any hazard was open and obvious. In addition, the emergency room report suggests both that plaintiff was not seriously injured and that she may have caused her injuries on her own.

2. The Principal Factual Issues Which the Parties Dispute

a) The nature and extent of plaintiff's injuries.

b) The cause of plaintiff's injuries.

3. The Principal Legal Issues Which the Parties Dispute

a) Whether Plaintiff was contributorily negligent.

4. Other Unresolved Issues.

None at this time.

5. Unserved and Additional Parties.

All necessary parties have been served and appeared.

## CONSENT TO MAGISTRATE JUDGE FOR TRIAL

Defendant did not consent to the assignment to Magistrate Judge for trial.

## ALTERNATIVE DISPUTE RESOLUTION

The parties filed NOTICE OF NEED FOR ADR PHONE CONFERENCE on December 3, 2007 and requested an early settlement conference with a Magistrate Judge. Counsel request the court take into consideration the suggested date of April 2008 for early settlement conference in formulating its Order.

## DISCLOSURES

The parties have met and conferred regarding Fed.R.Civ.P. 26(a)(l) initial disclosures. The parties' respective documents, statements regarding insurance and list of witnesses will be exchanged on or before December 14, 2007, the day of the initial case management conference. In addition, plaintiff will provide a damages calculation on or before December 14, 2007.

    The parties will exchange expert information after the initial settlement conference, if permitted, in accordance with deadlines established by the Court.

## MOTIONS

The parties do not anticipate making dispositive motions. At present, only motions in limine are anticipated.

## DISCOVERY

The parties request that no limitations on discovery be imposed beyond those in the Federal Rules of Civil Procedure. The parties' meeting and conference has resulted in the following proposed schedule:

| | |
|---|---|
| Initial subpoenas to plaintiff's health care providers: | December, 2007 |
| Initial deposition of plaintiff: | February, 2008 |
| [Settlement Conference] | April 2008 |
| Close of Fact Discovery | December, 2008 |
| Close of Expert Discovery | February, 2009 |

## RELATED CASES

Plaintiff filed WESLEY vs DICK MORGANTI NIBBI, et al. C 07 0006 MMC before exhausting administrative remedies. With the appearance of Defendant in this matter, plaintiff will voluntarily dismiss C 07 0006 MMC before December 14, 2007.

## TRIAL SCHEDULE

If the case does not resolve at the early settlement conference, the parties request this case be set for trial in April of 2009. As this case is governed by the Federal Tort Claims Act, the matter will be tried to the Court.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff will file her "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16 before December 14, 2007. Plaintiff's counsel certifies that as of this date, other than the named parties, there is no such interest to report.

## SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL

Pursuant to Local Rule Civil 16-8(b)(l), each counsel certifies that he has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California, discussed with the their clients the available dispute resolution options provided by the Court and private entities, and has considered whether this case might benefit from any of the available dispute resolution options.

Dated: December 07, 2007

DU CHARME & COHEN

/s/ James A. Du Charme

James A. Du Charme
Attorney for Plaintiff
CAROLYN WESLEY

Dated: December 07, 2007

__s/ *Abraham Simmons*_____
Abraham Simmons
Attorney for Defendant

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

Dated: _____                    _____

HON. MAXINE CHESNEY
UNITED STATES DISTRICT COURT JUDGE